**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER YNOSENCIO
YSAIS,

      Plaintiff–Appellant,

v.

CHILDREN YOUTH AND FAMILY
DEPARTMENT; JENNIFER LYNN,
as an employee of CYFD, and as an
individual; HAVEN HOUSE, as an
individual; DIANA TORRANCE, as
the director of Haven House, and as
an individual; STATE OF
NEW MEXICO,

      Defendants–Appellees.

No. 09-2125
(D.C. No. 1:08-CV-00595-MV-DJS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court dismissed Christopher Ynosencio Ysais' civil-rights claims under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), and under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and for seeking damages from state employees with immunity from monetary relief. We agree with the analysis of the district court and dismiss the appeal as frivolous.

This case arises from ongoing child-custody proceedings in state court and a state criminal action for alleged child abuse (which apparently terminated in favor of Ysais). Ysais complains that state authorities, including defendant Jennifer Lynn, alleged child abuse without conducting a proper investigation, produced misleading evidence, resisted his request for the presence of an attorney at an interview, and improperly required him to attend domestic-violence and parenting classes. Further, he asserts that Haven House, through defendant Diana Torrance, provided therapeutic services to his son without his consent and refused to provide him with his son's records.

Ysais bases his federal claims on the theory that defendants violated his property rights, interfered with his family relations, discriminated against him as a Hispanic single father, and conspired to terminate his parental rights. The complaint also sets forth state claims of outrageous conduct, defamation, false-light invasion of privacy, and "corruption." Ysais seeks injunctive relief in connection with the state-court custody proceedings and also damages from defendants.

-2-

The district court first determined that the <u>Younger</u> abstention doctrine barred its consideration of Ysais' claims.  We agree.  In the absence of extraordinary circumstances, the <u>Younger</u> doctrine directs federal courts to refrain from interfering in ongoing state civil proceedings.  <u>Morrow v. Winslow</u>, 94 F.3d 1386, 1393 (10th Cir. 1996).  The comity considerations of the doctrine are particularly vital in "child custody proceedings[, which] are an especially delicate subject of state policy."  <u>Id.</u>

Because Ysais asked to proceed in forma pauperis ("IFP"), the district court also reviewed the complaint under 28 U.S.C. § 1915(e), which requires dismissal of an IFP claim that:  "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B).  The district court concluded that, under these standards, Ysais' federal claims must be dismissed.  It declined to exercise supplemental jurisdiction over the state claims.  Later, the district court denied Ysais' motion for reconsideration of its rulings.  We agree with the district court's analysis.

Having reviewed Ysais' submissions and the record on appeal in light of the governing law, we **DISMISS** this appeal as frivolous. All pending motions are **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge